# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLACIDO F. SOLIVEN and YOLANDA G. SOLIVEN,<br><br>                                  Plaintiffs,<br>vs.<br><br>WELLS FARGO HOME MORTGAGE,<br><br>                                  Defendant. | CASE NO. 10CV1367 JLS (JMA)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>(Doc. No. 11.) |

Presently before the Court is Defendant Wells Fargo Home Mortgage's (Defendant or Wells Fargo) motion to dismiss plaintiffs' complaint. (Doc. No. 11 (Mot. to Dismiss).) Also before the Court is Plaintiffs Placido F. Soliven and Yolanda G. Soliven's (Plaintiffs) response in opposition (Doc. No. 12 (Opp'n)) and Defendant's reply in support. (Doc. No. 13 (Reply).) For the reasons stated below, the Court **GRANTS** Defendant's motion to dismiss.

## BACKGROUND

Plaintiffs refinanced their home on July 11, 2007, taking out a loan for $448,000. (Doc. No. 6 (FAC) at 1, 4.) The loan is now in dispute. Plaintiffs, proceeding pro se, filed its first complaint on June 29, 2010. Plaintiffs then filed an amended complaint on July 6, 2010. It alleges causes of action for (1) unjust enrichment, (2) quiet title, (3) breach of fiduciary duty, (4) negligence, (5) fraud, (6) breach of the implied covenant of good faith and fair dealing, (7) violation of Truth In Lending Act, 15 U.S.C. § 1601, and (8) intentional infliction of emotional distress.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, – US — , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.* This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* at 1950 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.*

//
//

## ANALYSIS

Plaintiff's complaint is devoid of any specific factual allegations. This is understandable because the first half of Plaintiff's complaint replicates a complaint available on the internet.[1] (Reply, Exhibit A at 1.) And the complaint on the internet is itself based on an internet essay concerning "what banks do and how they operate." (Reply, Exhibit B.) The second half of Plaintiff's complaint continues in much the same manner. As a whole, the complaint contains only conclusory statements and generalized facts. For instance, Plaintiff alleges that "Lender Conspired with Trustee" in the following manner:

> Lender conspired with the trust Agent at closing to create a condition of stress for the specific purpose of inducing Petitioner to sign documents without allowing time for Petitioner to read and fully understand what was being signed.
>
> The above referenced closing procedure was a carefully crafted connivance, designed and intended to induce Petitioner, through shame and trickery, in violation of trustee's fiduciary duty to Petitioner and the duty to provide fair and honest services, to sign documents that Petitioner did not have opportunity to read and fully understand, thereby, denying Petitioner full disclosure as required by various consumer protection statutes.

(Complaint at 14.)

Plaintiff alleges "Deceptive Advertising and Other Unfair Business Practices" in a similar fashion:

> In the manner in which Defendants have carried out their business enterprises, they have engaged in a variety of unfair and unlawful business practices prohibited by *15 USC Section 45* et seq. (Deceptive Practices Act).
>
> Such conduct comprises a pattern of business activity within the meaning of such statutes, and has directly and proximately caused Petitioner to suffer economic and non-economic harm and detriment in an amount to be shown according to proof at trial of this matter.

(*Id.*)

The only facts that are specifically alleged are Plaintiffs' names, Defendant's identity, location of the property, and the amount of the loan. A complaint so broadly stated that it contains no information specific to a party is not a complaint that satisfies Rule 8. This complaint could not even be considered an unadorned the-defendant-unlawfully-harmed-me accusation. *See Ashcroft*, 129 S.

---

[1] Interestingly enough, Plaintiff's opposition to the motion to dismiss states that "Defendant complains that the document is similar to other documents alleging wrongdoing by banks and lending institutions." (Opp'n ¶ 25.) The Court cannot find any such statement by Defendant in its motion to dismiss.

1  Ct. at 1949 (2009). And when fraud is a cause of action, such a complaint certainly does not meet
2  Rule 9's heightened pleading requirement. Plaintiffs' complaint fails to meet the pleading standards
3  set forth in the Federal Rules of Civil Procedure. As a result, Plaintiffs fail to state a claim upon which
4  relief can be granted.

## CONCLUSION

6  For the reasons stated above, the Court **GRANTS** Defendant's motion to dismiss. Plaintiffs'
7  first amended complaint is **DISMISSED WITHOUT PREJUDICE**.

8  **IT IS SO ORDERED.**

10 **DATED: October 18, 2010**

*Janis L. Sammartino*
**Honorable Janis L. Sammartino**
**United States District Judge**